Hope E. Brinn (SBN 338508)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
hbrinn@axinn.com

Attorney for Plaintiffs *X Corp. and X.AI LLC*

Fred Norton (SBN 224725)
fnorton@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Phone: (510) 906-4900
Fax:     (510) 906-4910

Attorney for Non-Party
*Anthropic PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* SUBPOENA TO ANTHROPIC, PBC<br><br>Served in Case:<br><br>*X Corp. v. Apple, Inc.*,<br><br>Case. No. 4:25-cv-00914 (N.D. Tex.) | Case No. 3:26-mc-80104<br><br>**NOTICE OF MOTION AND JOINT, UNOPPOSED MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER** |

**NOTICE OF MOTION AND JOINT, UNOPPOSED MOTION FOR
ENTRY OF A STIPULATED PROTECTIVE ORDER**

X Corp. and X.AI LLC ("Plaintiffs"), who are Plaintiffs in *X Corp. v. Apple Inc.,* No. 4:25-cv-00914 (N.D. Tex. filed Aug. 25, 2025) (the "Texas Action"), and non-party Anthropic, PBC ("Anthropic," and, together with Plaintiffs, "Movants") move pursuant to Federal Rules of Civil Procedure 26 and 45 for entry of a Stipulated Protective Order prohibiting and restricting the disclosure

of confidential and proprietary information. Movants have conferred with Defendants in the Texas Action (Apple Inc., OpenAI, Inc.; OpenAI, L.L.C.; and OpenAI OpCo, LLC), and Defendants do not oppose.

The Texas Action is an antitrust lawsuit in which Plaintiffs allege that Defendants Apple Inc., OpenAI, Inc.; OpenAI, L.L.C.; and OpenAI OpCo, LLC have, among other things, acted in concert to restrain competition in markets for generative AI chatbots and for smartphones.

On November 3, 2025, Plaintiffs served a subpoena on Anthropic seeking documents in connection with the Texas Action. Plaintiffs contend that Anthropic is a participant in the alleged market for generative AI chatbots and they seek information concerning, among other things, competitive strategy, market intelligence, market dynamics, and costs. Anthropic has objected that the information Plaintiffs seek is highly confidential and includes trade secrets. The parties in the Texas Action have agreed upon a confidentiality agreement pursuant to which they and other non-parties are producing documents, but the Court in the Texas Action has not issued a protective order. Anthropic has agreed to produce confidential information only subject to a court-issued protective order. The Stipulated Protective Order would apply only to Anthropic's production in the Texas Action and not otherwise apply to, govern, interfere with, or impede the parties' or other non-parties' productions under the confidentiality agreement in the Texas Action.

As there is no other dispute between the parties with respect to the subpoena, Plaintiffs have agreed with Anthropic to file this motion seeking the entry of an appropriate Stipulated Protective Order to govern Anthropic's productions. Movants file this motion in this Court because Anthropic is headquartered within 100 miles of this District and compliance is proper here under Federal Rule of Civil Procedure 45(d).

Movants respectfully request that this Court enter the Stipulated Protective Order, which is attached hereto.  See Norton Decl. Ex. A ("Stipulated Protective Order"). Anthropic's position is that the Stipulated Protective Order is appropriate here because Anthropic intends to produce highly sensitive commercial and financial information in response to the Subpoenas. Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from

2

annoyance, embarrassment, oppression, or undue burden or expense" in discovery, including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Rabin v. Google LLC,* 702 F. Supp. 3d 880, 881 (N.D. Cal. 2023) (quotation marks omitted). Courts have found good cause where, as here, movants have asked the Court to protect their confidential material by entering one of the Northern District's model protective orders, which are "presumptively reasonable in most cases." *Id.* at 882.

Respectfully submitted,

Dated: April 8, 2026

*/s/ Hope E. Brinn*

Hope E. Brinn (SBN 338508)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
hbrinn@axinn.com

Attorney for Plaintiffs *X Corp. and X.AI LLC*

Dated: April 8, 2026

*/s/ Fred Norton*

Fred Norton (SBN 224725)
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
T: (510) 906-4900
F: (510) 906-4910
fnorton@nortonlaw.com

Attorney for Non-Party *Anthropic, PBC*