Hope E. Brinn (SBN 338508)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
hbrinn@axinn.com

Attorney for Plaintiffs *X Corp. and X.AI LLC*

Fred Norton (SBN 224725)
fnorton@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Phone: (510) 906-4900
Fax: (510) 906-4910

Attorney for Non-Party *Anthropic PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* SUBPOENA TO ANTHROPIC, PBC<br><br>Served in Case:<br><br>*X Corp. v. Apple, Inc.*,<br><br>Case. No. 4:25-cv-00914 (N.D. Tex.) | Case No. 3:26-mc-80104<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS** |

# EXHIBIT A

**STIPULATED PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

X Corp. and X.AI LLC ("Plaintiffs"), who are Plaintiffs in *X Corp. v. Apple Inc.,* No. 4:25-cv-00914 (N.D. Tex. filed Aug. 25, 2025) (the "Texas Action"), and non-party Anthropic, PBC ("Anthropic," and, together with Plaintiffs, "Movants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced by Anthropic during the course of discovery in the Texas Action and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Defendants Apple Inc., OpenAI, Inc.; OpenAI, L.L.C.; and OpenAI OpCo, LLC ("Defendants," and, together with Plaintiffs, "Parties") agree to be bound by this Order.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

**1. PURPOSES AND LIMITATIONS**

(a) Protected Material (defined below) designated under the terms of this Protective Order shall be used by a Receiving Party (defined below) solely for the Texas Action, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) The Parties and Anthropic acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to the attention of a Producing Party (defined below) that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c) Although the Parties and Anthropic do not anticipate filing any confidential information in this Court, The Parties and Anthropic acknowledge that this Order does not entitle them to file

confidential information under seal in this Court; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from this Court to file material under seal. The Parties and Anthropic acknowledge that this Order does not entitle them to file confidential information under seal in the Texas Action and that they must follow the local rules and court orders in the Texas Action regarding filing information under seal.

(d) The Parties and Anthropic agree that this Order does not address the production of source code (including source and source code listings, object code and object code listings, executable code, and similar sensitive software code, whether in print or electronic form). Before any Party requests such source code, the Party making that request shall provide notice to all other Parties. Upon receipt of such notice, the Parties and Anthropic agree to collectively negotiate in good faith a protective order governing the production of source code.

(e) Nothing contained in this Order is intended to or shall serve to limit a Party's or Anthropic's right to conduct a review of documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged or protected information before production.

**2. DEFINITIONS**

(a) "Designating Party" means a Producing Party that designates Discovery Material as Protected Material.

(b) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by Anthropic in connection with discovery in the Texas Action.

(c) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party in the Texas Action and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this action or the Texas Action.

(d) "Party" means any party to the Texas Action, including all of its officers, directors, employees, consultants, vendors, retained experts, and Outside Counsel and their support staffs.

(e) "Producing Party" means Anthropic.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Texas Action" means X Corp. v. Apple Inc., No. 4:25-cv-00914 (N.D. Tex. filed Aug. 25, 2025).

**3. COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure.

4. SCOPE

(a) This Order governs only Anthropic's provision of Discovery Material in the Texas Action. It does not otherwise apply to, govern, interfere with, or impede the Parties' or other non-parties' productions and/or Discovery Material produced pursuant to the confidentiality agreement in the Texas Action.

(b) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(c) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use any

Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(e) This Order is without prejudice to the right of any Party or Anthropic to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5. DURATION**

Even after final disposition of the Texas Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the Texas Action with prejudice, including all appeals.

**6. ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. All Discovery Material shall be used solely for the Texas Action or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

(c) Generative Artificial Intelligence. Receiving Parties shall implement restrictions regarding the disclosure or use of Producing Parties' Protected Material in any generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar technology. Such restrictions must meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Producing Parties' Protected Material solely to personnel and purposes authorized by this Order. The restrictions must, at a minimum, prohibit the disclosure or use of Producing Parties'

Protected Material in any such technology that is (1) accessible by anyone not permitted by this Protective Order to have access or (2) will capture entered data in order to train what is accessible by anyone not permitted by this Protective Order to have access. The Producing Parties' Protected Material may not be combined with documents or information from any other matter. Before a Receiving Party transfers any Producing Party's Protected Material to be analyzed by such technology, the Receiving Party shall make reasonably sure that it can delete all such Protected Material and any derivatives from the platform at the Final Disposition of the Texas Action, as defined in Section 5. The Receiving Party will be responsible for destroying such Protected Material following Final Disposition, including any machine-learning models trained on Protected Material. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

(d) Third-Party Litigation Funding. Funders of litigation shall be prohibited from accessing, and denied copies of, any Protected Material. The term "funders or litigation" shall be applied broadly and include any entity or individual engaged in the business of litigation funding, their employees, counsel, consultants, and other agents, whether foreign or domestic. Parties will comply with the Department of Justice, National Security Division's Foreign Agents Registration Act, as may be applicable.

(e) Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case or the Texas Action based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(f) Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by

inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7. DESIGNATING PROTECTED MATERIAL**

(a) Available Designations. The Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

(b) Written Discovery and Documents and Tangible Things. Written discovery, documents (which include "electronically stored information," as that phrase is used in California Code of Civil Procedure 2031.010 et seq., and tangible things that meet the requirements for confidentiality may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file. No one shall seek to use in the Texas Action a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the

Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d) Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein prior to the end of the thirty (30) day period, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party or Producing Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Each Party's in-house attorneys working on the Texas Action, such counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such attorneys, paralegals, and staff;

(iii) Officers, directors, or employees of any Party in the Texas Action who are deemed necessary by counsel to aid in the prosecution, defense, or settlement of the Texas Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv) Witnesses or deponents, provided that: (a) disclosure is only to the extent necessary to conduct or prepare for depositions or testimony; and (b) such witness or deponent is (i) the author or recipient of the document, (ii) they had previously seen or received the designated Confidential information prior to its designation as Confidential under this Order, or (iii) they are a current employee of or are currently retained by the party who produced the document; and

(v) Any outside expert or consultant retained by the Receiving Party to assist in the Texas Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention nor at the time of disclosure or use of Discovery Material marked

"CONFIDENTIAL" to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

(vi) Court reporters, stenographers and videographers retained to record testimony taken in this action or the Texas Action;

(vii) The Court, jury, and court personnel;

(viii) Graphics, translation, design, trial consulting personnel, or other litigation vendors and support personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(x) Any mediator who is assigned to hear the Texas Action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi) Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

**9. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in the Texas Action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention nor at the time of disclosure or use of Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action or the Texas Action;

(iv) Witnesses or deponents, provided that: (a) disclosure is only to the extent necessary to conduct or prepare for depositions or testimony; and (b) such witness or deponent is

(i) the author or recipient of the document, (ii) they had previously seen or received the designated Highly Confidential - Attorney's Eyes Only information prior to its designation as Highly Confidential – Attorney's Eyes Only under this Order, or (iii) they are a current employee of or are currently retained by the party who produced the document;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, trial consulting personnel, or other litigation vendors and support personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) Any mediator who is assigned to hear the Texas Action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii) Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

**10. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a

ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**11. DATA SECURITY**

(a) Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Materials, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall comply with at least one of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls, Version 8; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Parties shall implement multi-factor authentication[1] for any access to Protected Materials and implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's ISMS (and at rest, where reasonably practical).

(b) If Receiving Party becomes aware of any unauthorized access, use, or disclosure of

---

[1] [1] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/ NIST.SP.1800-12.pdf; *see also* NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

(c) Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Section 9 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d) If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action and the Texas Action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach. Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

(e) In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within 10 business days shall provide a copy of its most

recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

(f) Receiving Party shall comply with this Section 9 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law"). If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section 9, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

**12. SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**13. FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized under the Federal Rules to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

**14. USE OF PROTECTED MATERIAL IN DEPOSITIONS, HEARINGS, PROCEEDINGS**

Parties shall give the Producing Party advanced written notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by that Non-Party so that the Producing Party can ensure that only authorized individuals are present at those proceedings.

**15. DISCLOSURE OF PRIVILEGED MATERIAL**

(a) Pursuant to Fed. R. Evid. 502(d), the production of any Discovery Material, whether inadvertent or otherwise, in this proceeding or the Texas Action shall not, for the purposes of this proceeding, the Texas Action, or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to that Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

(b) Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

**16. INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation

for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

**17. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**18. FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of the Texas Action, as defined in Section 5, each Receiving Party must return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. As used in this section "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including any machine-learning models trained or fine-tuned on Protected Material.

(b) All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding these provisions for return of Protected Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

**19. MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties and Anthropic do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the Texas Action. The Court shall retain jurisdiction after Final Determination of the Texas Action to hear and resolve any disputes arising out of this Protective Order.

(c) Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party or Anthropic to claim in this action, the Texas Action, or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The U.S. District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced

under the protection of this Order shall be resolved by the U.S. District Court for the Northern District of California.

(g) Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions entered by the Court in the Texas Action, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Texas Action, or the Court's own orders.

**SO ORDERED.**

Dated: 4/14/2026

**EXHIBIT A**

I, ____________________________, acknowledge and declare that I have received a copy of the Protective Order ("Order") in In re Subpoena to Anthropic, PBC, in the U.S. District Court for the Northern District of California, Case No. ________________. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _______________________________________________________

Present occupation/job description: ___________________________________________

Name of Company or Firm: _________________________________________________

Address: ________________________________________________________________

_______________________________________________________________________

Dated: _______________________________________

__________________________________

[Signature]

Hope E. Brinn (SBN 338508)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
T: (202) 912-4700
F: (202) 912-4701
hbrinn@axinn.com

Attorney for Plaintiffs *X Corp. and X.AI LLC*

Fred Norton (SBN 224725)
fnorton@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Suite 450
Oakland, CA 94612
Phone: (510) 906-4900
Fax: (510) 906-4910

Attorney for Non-Party *Anthropic PBC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE* SUBPOENA TO ANTHROPIC, PBC<br><br>Served in Case:<br><br>*X Corp. v. Apple, Inc.*,<br><br>Case. No. 4:25-cv-00914 (N.D. Tex.) | Case No. 3:26-mc-80104<br><br>**~~[PROPOSED~~] ORDER GRANTING JOINT MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER** |

The Court, having considered the Joint Motion of X Corp. ("X") and xAI LLC ("xAI") (together, "Plaintiffs" in *X Corp. v. Apple Inc.*, No. 4:25-cv-00914 (N.D. Tex. Filed Aug. 25, 2025) (the "Texas Action")) and non-party Anthropic, PBC ("Anthropic") for Entry of a Stipulated Protective Order and the Declaration of Fred Norton in support thereof, hereby orders that the Joint Motion is GRANTED.

IT IS SO ORDERED.

DATED: ____4/14/2026______________

[signature]
Magistrate Judge Peter H. Kang